UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RACHEL BURD,

                Plaintiff,

v.

COUNTRYWIDE SECURITIES,

                Defendant.

Case No. 2:13-cv-00338-MMD-VCF

ORDER

(Def.'s Motion to Dismiss – dkt. no. 5)

## I. SUMMARY

Before the Court is Defendant Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans, Inc.'s[1] Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. no. 5.) The Court has also considered Plaintiff's opposition and Defendant's reply. For the reasons discussed below, the Motion is granted.

## II. BACKGROUND

The facts are not readily ascertainable from Plaintiff's form Complaint.[2] However, Plaintiff's claims presumably arise out of the foreclosure on Plaintiff's real property located at 2541 Cliff Lodge Avenue, North Las Vegas, Nevada 89081 (the "Property").

---

[1] Named as Countrywide Securities.

[2] The same complaint, or some form of it, has appeared in several cases in the District. *See, e.g., Beebe v. Fed. Nat'l Mort. Assoc.*, No. 2:13-cv-311-JCM-GWF; *Quiroz v. U.S. Bank Nat'l Assn.*, No. 2:13-cv-1288-APG-GWF; *Burd v. J.P. Morgan Chase*, No. 2:13-cv-337-JCM-PAL; *Duenas v. Bank of Am.*, No. 2:13-cv-354-GMN-GWF; *Salinas v. Fed. Nat'l Mort. Assoc.*, No. 2:13-cv-407-JCM-GWF; *Gonzalez v. Bank of New York Mellon*, No. 2:13-cv-306-GMN-CWH; *Santivanes v. Bank of New York Mellon*, No. 2:13-cv-00299-JCM-GWF; *Gamboa v. Goldman, Sachs & Co., et al.*, No. 2:13-cv-00282-GMN-CWH; *Prince v. Loop Capital Markets, LLC*, 2:13-cv-00429-MMD-GWF.

Plaintiff brought suit on February 4, 2013, in the Eighth Judicial District Court of Nevada. Plaintiff's Complaint does not list any causes of action, but avers that "[j]urisdiction arises under Nevada and Federal statutes for intentional misrepresentation and negligent misrepresentation." The Complaint's main focus is that the ownership interest in Plaintiff's mortgage was forfeited due to the securitization of Plaintiff's mortgage. Plaintiff seeks reconveyance of the Property and $250,000.00.

## III. DISCUSSION

### A. Legal Standard

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

///

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### B. Analysis

Plaintiffs' complaint is so deficient that the Court cannot ascertain the causes of action or the facts upon which they rely. The Complaint does not give fair notice of the claims or factual allegations to allow Defendant to answer or defend itself. Plaintiff's opposition does not clarify the issue, but rather quotes the Federal Rules of Civil Procedure and asserts in a conclusory fashion that the Complaint has stated a claim. At best, the Complaint offers legal conclusions not afforded the assumption of truth and avers to misconduct without identifying what the misconduct actually may have been. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted and the Complaint is dismissed. However, because the Court cannot find that amendment would be futile, the Court grants leave to amend the complaint.

## IV. CONCLUSION

It is therefore ordered that Defendant's Motion to Dismiss is granted. Plaintiff may file an Amended Complaint within thirty (30) days of this order. Failure to file an amended complaint within thirty (30) days shall result in dismissal of this action with prejudice.

DATED THIS 23rd day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE